**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RANJEET SINGH, AKA Ranjit Singh, Petitioner, v. LORETTA E. LYNCH, Attorney General, Respondent. | No. 13-74274 Agency No. A200-943-592 MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 26, 2016[**]

Before:     McKEOWN, WARDLAW, and PAEZ, Circuit Judges.

Ranjeet Singh, a native and citizen of India, petitions for review of the Board

of Immigration Appeals' order dismissing his appeal from an immigration judge's

decision denying his application for asylum, withholding of removal, and relief

under the Convention Against Torture ("CAT").   We have jurisdiction under 8

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.   *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act, *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010), and we deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on Singh's inconsistent testimony as to whether he recognized the individuals who attacked him in August 2010, and the circumstances under which he was found after that attack. *See id*. at 1048 (adverse credibility determination was reasonable under the "totality of the circumstances"). Singh's explanations for the inconsistencies do not compel the contrary result. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000). In the absence of credible testimony, Singh's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Finally, Singh's CAT claim also fails because it is based on the same testimony the agency found not credible, and Singh does not point to any evidence that compels the finding it is more likely than not he would be tortured if returned to India. *See Almaghzar v. Gonzales*, 457 F.3d 915, 922-23 (9th Cir. 2006).

**PETITION FOR REVIEW DENIED.**